## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | CRIMINAL ACTION NO. 4:10CR199 |
| ALEXANDRE DAVID WARD (13), | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on June 11, 2018, to determine whether Defendant violated his supervised release. Defendant was represented by Robert Arrambide. The Government was represented by Marisa Miller.

Alexandre David Ward was sentenced on July 22, 2015, before The Honorable Amos L. Mazzant of the Eastern District of Texas, after pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute Heroin, a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of I, was 37 to 46 months. Alexandre David Ward was subsequently sentenced to 60 months imprisonment, followed by a 3-year term of supervised release, subject to the standard conditions of release, plus special conditions to include drug aftercare, financial disclosure, mental health aftercare, anger management, no contact with codefendants, and a $100 special assessment.

On July 17, 2017, this term of supervised release was revoked after it was alleged the defendant violated his conditions of supervision by committing the offense of driving while intoxicated and assault causing bodily injury of a family member, failing to report as directed, failing to abstain from use of alcohol, and failing to report police contact within 72 hours. At his revocation, the defendant was sentenced to 4 months imprisonment followed by a 2-year term of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure, no contact with codefendants, drug aftercare, alcoholic abstinence, and attend a Batterer's Intervention Program. On September 28, 2017, Alexandre David ward completed his period of imprisonment and began service of the supervision term.

On April 24, 2018, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 508, Sealed]. The Petition states that Defendant violated six (6) conditions of supervision, as follows: (1) You must not unlawfully possess a controlled substance; (2) You must refrain from any unlawful use of a controlled substance; (3) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed; (4) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change; (5) You must participate in a program of

testing and treatment for drug abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing; and (6) You must participate in and successfully complete a Batterer's Intervention Program as referred by the U.S. Probation Officer and pay any cost associated with the program.

The Petition alleges that Defendant committed the following acts: (1) and (2) On February 23 and 27, 2018, Alexandre David Ward submitted urine specimens that tested positive for methamphetamine. The defendant signed a written admission of separate use on each occasion and verbally admitted to using methamphetamine throughout the month of February 2018; (3) Alexandre David Ward was instructed to submit a monthly report between the 1st and 5th of each month. He failed to submit a monthly report as directed during the months of November and December 2017, and January, February, March, and April 2018; (4) Alexandre David Ward has failed to secure employment since September 28, 2017, the start of his supervised release; (5) Alexandre David Ward failed to commence substance abuse counseling at Addiction Recovery Center (ARC) in Lewisville, Texas, as instructed. He was referred to contact Mr. McCary at ARC on October 25, 2017. He subsequently attended one session on February 28, 2018. He rescheduled the next appointment and subsequently failed to attend on March 28, 2018. As of this date, he has not contacted Mr. McCary to reschedule his appointment. Alexandre David Ward failed to submit a urine specimen for random drug testing at Addiction Recovery Center on March 16 and April 18, 2018, as instructed; and (6) On October 5, 2017, Alexandre David Ward was referred to Denton County Friends of the Family to attend the Batterer's Intervention Program. He has failed to contact Denton County Friends of the Family to schedule an intake appointment as instructed on almost every contact with his U.S. Probation Officer.

Prior to the Government putting on its case, Defendant entered a plea of true to all six (6) allegations of the Petition. Having considered the Petition, and the plea of true to all six (6) allegations, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of ten (10) months, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in a Bureau of Prisons facility in the North Texas area, if appropriate.

**SIGNED this 13th day of June, 2018.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE